United States District Court
Southern District of Texas
**ENTERED**
July 23, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JOSE LUIS VILLEGAS SOTO, | § | CIVIL ACTION NUMBER 4:26-cv-05268 |
| Petitioner, | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| MARKWAYNE MULLIN, -**et al*, | § | |
| Respondents. | § | |

**ORDER ON DISMISSAL**

Petitioner Jose Luis Villegas Soto filed a petition for writ of *habeas corpus* under 28 USC §2241 on July 2, 2026. Dkt 1. He acknowledges illegal entry into the United States at a prior date but nonetheless asserts that his present detention violates the Due Process Clause of the Fifth Amendment. Id at ¶¶50–69.

The Government was ordered to show cause with a filing establishing the propriety of Petitioner's continued detention. The parties were also given opportunity to state their positions with respect to the Fifth Circuit's recent decision in *Sosnava Rodriguez v Ortega*, 2026 WL 1906557 (5th Cir). See Dkt 4.

Pending is a motion by the Government for summary judgment. Dkt 5. It states that the panel decision in *Sosnava Rodriguez* has been vacated pending rehearing *en banc*. Id at 10; see also *Sosnava Rodriguez v Ortega*, 2026 WL 2014647, *1 (5th Cir). It further maintains that no bond hearing is required because Petitioner is subject to mandatory detention under 8 USC §1225(b)(2)(A). Id at 2. And it otherwise contends that each of Petitioner's claims fail on the merits. Id at 3–10.

On reply, Petitioner acknowledges vacatur of the panel decision in *Sosnava Rodriguez* but relies on that decision in reasserting his due process claims. Dkt 6 at 2–7.

The Fifth Circuit has issued a controlling decision with respect to the lawfulness of mandatory detention in this context under 8 USC §1225(b)(2)(A). See *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026).

On July 2, 2026, the Fifth Circuit then issued a decision with respect to the constitutionality of detention under §1225(b)(2)(A). See *Sosnava Rodriguez*, 2026 WL 1906557. With reference to limitations imposed by the Due Process Clause, the decision holds that the Government may detain individuals under the subject statute "for ninety days but no longer without a bond hearing," and that "at the hearing, the Government must articulate an individualized justification for further detention without bond." Id at *16. On July 10, 2026, the Fifth Circuit vacated that decision pending rehearing *en banc*. See *Sosnava Rodriguez*, 2026 WL 2014647 at *1. This means that it is currently "of no precedential value." *Comer v Murphy Oil USA, Inc*, 718 F3d 460, 468 (5th Cir 2013).

The undersigned has also determined certain issues raised in the petition. For example, see:

- *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that procedural due process doesn't require an individualized custody determination beyond the mandate of §1225(b)(2)(A).
- *Herrera Estrada v Thompson,* 2026 WL 2000097 (SD Tex): Holding that pre-removal-order detention authorized by §1225(b)(2)(A) doesn't violate substantive due process while deportation proceedings are pending even when it exceeds the six-month period set out in *Zadvydas v Davis*, 533 US 678 (2001), as to post-removal-order detention.

The arguments in the petition and reply brief raise only issues resolved to the contrary in the decisions cited above.

Petitioner thus hasn't established that his current detention violates either the Constitution or federal law.

The motion by the Government for summary judgment is GRANTED. Dkt 5.

The petition for writ of *habeas corpus* by Jose Luis Villegas Soto is DENIED. Dkt 1.

Petitioner is ADVISED to follow the *en banc* proceedings of the Fifth Circuit in *Sosnava Rodriguez*. He may file a motion for reconsideration or a later petition if warranted after those proceedings conclude.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on July 23, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge